LOTTINGER, Judge.
This is a suit for real estate commissions allegedly earned by Louisiana Companies, petitioner, under a contract of employment by Joseph C. Bueche, now deceased, in which his heirs are named as defendants. The Lower Court awarded a judgment in favor of petitioner and against defendant in the sum of $15,900.00 wMi legal interest from demand and for all costs. The defendants have taken this appeal.
The facts show that on October 20, 1964, Joseph C. Bueche executed a listing agreement with petitioner giving it the exclusive right irrevocably for a period of six months to sell certain acreage described in the agreement. On November 17, '1964, Charest Thibaut, Jr. made an offer to purchase the property for $100,000.00. Mr. Bueche then made a counter-offer for $145,500.00 which was rejected by Mr. Thibaut.
On April 16, 1965 an option to purchase the property was prepared on behalf of Talmadge Bickham, Jr., however, petitioner contends that their agents were unsuccessful in their attempts to present this option to Mr. Bueche. On April 20, 1965 an agreement to purchase was executed by John S. White on behalf of Bickham. It is alleged by petitioner that on this same day the agents of the petitioner again attempted to deliver this agreement to Mr. Bueche, but were turned away by his wife. *905 Mr. Bickham testified that he visited with Mr. Bueche later that same day, and Mr. Bueche told him that his family did not want to sell the property so, therefore, he would not sign the agreement to purchase.
Mr. Bueche died on June 1, 1965, but his succession was not open until the summer o'f 1966. Written demands were made by the petitioner on the estate of Mr. Bueche for payment of the commission without avail. Subsequently this suit was filed on September 20, 1966.
It is unfortunate that we do not have the benefit of written reasons for judgment by the Trial Court. Accordingly, we are unable to determine the basis upon which the Lower Court rendered a judgment in favor of petitioner for the real estate commission.
It was over the objection by counsel for defendant that the Lower Court admitted testimony by Mr. Bickham to the effect that on the afternoon of April 20, 1965 he discussed the question of his purchasing the property with Mr. Bueche at which time he claims that Mr. Bueche “. told me that his family at this present time didn’t want him to sell the property, but to give him a little bit of time he felt like he would be able to sign it and then return it.”
The basis upon which the petitioner claims his right to a real estate commission is the purchase agreement dated April 20, 1965 on which day the above conversation was held between Mr. Bueche and Mr. Bickham. The parol evidence with regard to said conversation, however, was clearly not admissible under provision of RS-13 :3721, which provides as follows:
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder. As amended Acts 1960, No. 32, § 1.
It is clear that present suit does not come under any of the exceptions of RS-13 :3721, and, therefore, the parol testimony of Mr. Bickham as to what Mr. Bueche told him on the afternoon of April 20, 1965 relative to his alleged refusal to sign the agreement to purchase was not admissible into evidence.
The listing agreement gave the petitioner the exclusive right to sell the property described, as containing 643.48 acres including batture for the sum of $150.00 per acre for the batture and $500.00 per acre for the remaining property. This agreement provided that one half of the mineral interest was to be retained by Mr. Bueche. The time of the sale was to be agreed upon as well as the time of change of occupancy of the premises.
In the agreement to purchase, the description of the property to be purchased is *906 identical to the description as set forth in the listing agreement, however, the agreement to purchase sets forth that the property contained approximately 530 acres. The terms of the sale was to be $300.00 per acre and the total acreage, following survey, was to control the purchase price. Other conditions of the agreement to purchase was that the seller must convey sugar cane, cotton, corn, and other agricultural allotments and the sale was to include the water tanks and troughs and the time of possession was at the act of sale.
There is a vast discrepancy in the $500.00 per acre, for the land other than the battures, as set forth in the listing agreement and the $300.00 per acre for said land as set forth in the agreement to purchase dated April 20, 1965. Because of the differences in the conditions and the considerations, it is the opinion of this Court that the alleged agreement to purchase dated April 20, 1965 was nothing more than a counter-offer on the part of Mr. Bickham to purchase the property of Mr. Bueche and as such Mr. Bueche had the right to refuse said counter-offer.
The alleged counter-offer which Mr. Bueche made to Mr. Charest Thibaut on November 17, 1964 in the sum of $145,500.00 is of no avail to the petitioner as that counter-offer was valid until December 2, 1964 only, which date had expired many months prior to the alleged agreement to purchase.
Subsequent to the filing of this suit the various heirs of Mr. Bueche were brought in as parties defendant by virtue of a supplemental and amending petition. Among the heirs so brought in was Rita Bueche Bohne. It is contended by the petitioner that no appeal was timely taken by Rita Bueche Bohne. The order of appeal dated July 14, 1972 grants a suspensive appeal to M. Timothy Smith, coadministrator of the succession of Joseph C. Bueche and Rena David Bueche, together with all the heirs who are defendants. This order included Rita Bueche Bohne and was timely taken.
For the reasons hereinabove assigned, the judgment of the Lower 'Court will be reversed, and, accordingly there will be judgment herein in favor of defendants and against petitioner dismissing petitioner’s demands. All costs of this appeal shall be paid by petitioners.
Judgment reversed.